# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | No. 230802437 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, City of Philadelphia, (hereinafter "petitioner"), through its counsel, Derek Kane, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant state the following:

1.      On August 22, 2023 the plaintiff initiated this action by Complaint in the Court of Common Pleas in Philadelphia, August Term, 2023; No. 230802437.  (Exhibit "A.")

2.      On August 24, 2023 the plaintiff filed served the Complaint on the City of Philadelphia only.

3.      In Counts I, and II of the Complaint, the plaintiff seeks relief against the petitioner pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States.  (Id.)

4.      28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

6.     No other Defendant has been served process, and so their consent is not required for this removal according to 28 U.S.C. § 1446(b)(2)(a).

7.     True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

8.     In filing this Notice of Removal, the petitioner does not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

BY:      */s/ Derek Kane*_____
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5374

Date:  September 24, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALIK JONES** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | **No. 230802437** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

.

## NOTICE OF FILING OF REMOVAL

TO:    DEVLIN, DANIEL
       1219 SPRUCE STREET
       PHILADELPHIA PA 19107
       (215)422-4193
       ddevlin@mtvlaw.com

PLEASE TAKE NOTICE THAT on September 24, 2023 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

                    BY:        */s/ Derek Kane*_____
                               **Derek Kane**
                               **Deputy City Solicitor**
                               **Attorney I.D. No. 316941**
                               City of Philadelphia Law Department
                               1515 Arch Street, 14th Floor
                               Philadelphia, PA  19102
                               215-683-5374
                               215-683-5445

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALIK JONES** | : | Civil Action |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | NO: _____ |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **August Term, 2023** |
| **Defendants** | : | No. 230802437 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## CERTIFICATE OF SERVICE

I, Derek Kane, Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney on the date indicated below via email:

TO:    DEVLIN, DANIEL
         1219 SPRUCE STREET
         PHILADELPHIA PA 19107
         (215)422-4193
         ddevlin@mtvlaw.com


                                        BY:        */s/ Derek Kane*_____
                                                   **Derek Kane**
                                                   **Deputy City Solicitor**
                                                   **Attorney I.D. No. 316941**

Date: September 24, 2023

Exhibit "A"

**VAN DER VEEN, HARTSHORN & LEVIN**
BY:   Daniel J. Devlin
       ID No. 306573
       1219 Spruce Street
       Philadelphia, PA 19107
       P: (215) 546-1000
       F: (215) 546-8529



*Filed and Attested by the Office of Judicial Records 22 AUG 2023 05:05 pm C. SMITH*

**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| **MALIK JONES** | : | **COURT OF COMMON PLEAS** |
| 3938 N. 9th Street | : | **PHILADELPHIA COUNTY** |
| Philadelphia, PA 19140 | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **AUGUST TERM, 2023** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| c/o Law Department | : | No. |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| **OFFICER BRYAN OUTTERBRIDGE** | : | |
| **BADGE #6357** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| **OFFICER JAMES TUMOLO** | : | |
| **BADGE #2526** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| **OFFICER TYRICK ARMSTEAD** | : | |
| **BADGE #3377** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| **and** | : | |
| | : | |
| | : | |

1

Case ID: 230802437

**JOHN DOE PHILADELPHIA POLICE**          :
**OFFICERS #1-10**                         :
**Individually and as police officers for the**   :
**Philadelphia Police Department**         :
**c/o Law Department**                     :
**1515 Arch Street**                       :
**Philadelphia, PA 19102**                 :
                                           :
                        **Defendants.**    :
                                           :

---

## NOTICE TO DEFEND

NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE

One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL

One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  215-238-6333

2

Case ID: 230802437

**VAN DER VEEN, HARTSHORN & LEVIN**
**BY:     Daniel J. Devlin**
**         ID No. 306573**
**         1219 Spruce Street**
**         Philadelphia, PA 19107**
**         P: (215) 546-1000**
**         F: (215) 546-8529                    ATTORNEY FOR PLAINTIFF**

---

| | | |
|---|---|---|
| **MALIK JONES** | : | **COURT OF COMMON PLEAS** |
| **3938 N. 9th Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19140** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **AUGUST TERM, 2023** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | **No.** |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **OFFICER BRYAN OUTTERBRIDGE** | : | |
| **BADGE #6357** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **OFFICER JAMES TUMOLO** | : | |
| **BADGE #2526** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **OFFICER TYRICK ARMSTEAD** | : | |
| **BADGE #3377** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| | : | |

3

Case ID: 230802437

**JOHN DOE PHILADELPHIA POLICE**     **:**
**OFFICERS #1-10**     **:**
**Individually and as police officers for the**     **:**
**Philadelphia Police Department**     **:**
**c/o Law Department**     **:**
**1515 Arch Street**     **:**
**Philadelphia, PA 19102**     **:**
     **:**
          **Defendants.**     **:**

---

## COMPLAINT IN CIVIL ACTION

1.     Plaintiff Malik Jones is an adult individual who, at all times relevant hereto, resided at the address indicated above.

2.     Defendant City of Philadelphia is a municipality existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at the address indicated above.

3.     Defendant City of Philadelphia owns, operates, manages, directs and controls the Philadelphia Police Department, a law enforcement agency, which employs the other named defendants.

4.     Defendant City of Philadelphia is the legal entity and municipal policymaker responsible for the Philadelphia Police Department and possesses final policy-making and decision-making authority over the Philadelphia Police Department and its officers pursuant to state and local law.

5.     Defendant Officer Bryan Outterbridge is an adult individual who, at all times relevant hereto, was employed at the address indicated above as a police officer with the Philadelphia Police Department. He is being sued in his individual capacity.

6.     At all times relevant hereto, Defendant Outterbridge was employed as a police officer by the City of Philadelphia Police Department and was acting with the course and scope

4

Case ID: 230802437

of his employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

7.      Defendant Officer James Tumolo is an adult individual who, at all times relevant hereto, was employed at the address indicated above as a police officer with the Philadelphia Police Department. He is being sued in his individual capacity.

8.      At all times relevant hereto, Defendant Tumolo was employed as a police officer by the City of Philadelphia Police Department and was acting with the course and scope of his employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

9.      Defendant Officer Tyrick Armstead is an adult individual who, at all times relevant hereto, was employed at the address indicated above as a police officer with the Philadelphia Police Department. He is being sued in his individual capacity.

10.     At all times relevant hereto, Defendant Armstead was employed as a police officer by the City of Philadelphia Police Department and was acting with the course and scope of his employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

11.     Defendant John Doe Philadelphia Police Officers #1-10 are adult individuals who, at all times relevant hereto, were employed at the address indicated above as police officers with the Philadelphia Police Department. They are being sued in their individual capacity.

12.     Defendant John Doe Philadelphia Police Officers #1-10 is a designation averred to be fictitious per the requirements of Pa. R.C.P. 2005(a)(2). After conducting a reasonable search to determine identities, Plaintiff uses the John Doe designations as he was unable to determine the identities of the offending police officers.

Case ID: 230802437

13.     At all times relevant hereto, Defendant John Doe Philadelphia Police Officers #1-10 were employed as a police officer by the City of Philadelphia Police Department and were acting with the course and scope of their employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

14.     At all times relevant hereto, Defendant City of Philadelphia was acting through its employees, agents, servants, workmen, contractors and/or representatives, all of whom were acting within the course and scope of their employment and authority.

15.     At all times relevant hereto, Defendants acted individually and/or through their employees and/or agents under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania and the City of Philadelphia.

16.     At all times relevant hereto, Defendants acted under color of state law and acted jointly and in concert with each other.  Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

17.     At all times relevant hereto, Defendants and their employees/agents had the power to exercise his or her discretion to make decisions, take action or inaction, adopt policies, permit practices or utilize procedures within each respective role, without oversight or with meaningful review.

18.     At all times relevant hereto, all Defendants acted in concert and conspiracy to improperly and/or falsely arrest, assault, search, imprison, inflict emotional distress and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

Case ID: 230802437

19.     On or about May 29, 2020, Plaintiff was unlawfully arrested by Defendant Outterbridge without cause or justification in the area of 3900 N. 9th Street, Philadelphia, PA.

20.     At the aforesaid time and place, Plaintiff attempted to explain that he had not committed any violations of the law.

21.     Thereafter, Defendants Outterbridge and/or John Doe Philadelphia Police Officers #1-10 detained, arrested, and falsely imprisoned Plaintiff and subjected him to an unlawful search and seizure.

22.     Plaintiff was thereafter charged with violating 35 Pa. C.S.A. Section 780-113(a)(30); 35 Pa. C.S.A. Section 780-113(a)(16) and 18 Pa. C.S.A. Section 903(c).

23.     On or about August 31, 2021, all charges against Plaintiff were dismissed by the Court for lack of evidence.

24.     Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia or engage in any conduct which justified the actions of the Defendants.

25.     The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or with reckless disregard of the truth.

26.     The actions of all Defendants were undertaken in the absence of probable cause or other valid or reasonable lawful basis.

27.     As a direct result of the actions of all Defendants, Plaintiff was deprived of the rights, privileges and immunities guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

28.     As a direct and proximate result of the conduct of all Defendants, Plaintiff was forced to miss time from work and incur various expenses.

Case ID: 230802437

29.     As a direct and proximate result of the conduct of all Defendants, Plaintiff sustained loss of liberty and financial losses, all to his great detriment and loss.

30.     As a direct and proximate result of the conduct of all Defendants, Plaintiff continues to suffer a loss of his enjoyment of life, emotional distress, anguish, embarrassment and extreme humiliation, and has and/or will incur expenses in connection therewith and will continue to suffer the same for an indefinite period of time in the future, to his great detriment and loss.

31.     The injuries and damages sustained by Plaintiff resulted solely from the negligence, carelessness and recklessness of the Defendants, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

## COUNT I
## PLAINTIFF JONES
### v.
## ALL DEFENDANTS
## FALSE ARREST, FALSE IMPRISONMENT AND ABUSE OF PROCESS

32.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

33.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly, falsely arrested, imprisoned and prosecuted Plaintiff in the absence of probable cause or other valid and reasonable lawful basis, causing significant injury to Plaintiff as described hereinabove.

34.     Defendants violated Plaintiff's civil rights under 42 U.S.C.A. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting Plaintiff, falsely imprisoning Plaintiff and subjecting Plaintiff to an abuse of process.

35.     As a direct and proximate result of the malicious and intentional conduct of all Defendants, Plaintiff sustained the injuries and damages that are described hereinabove.

8

36.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**COUNT II**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**MALICIOUS PROSECUTION**

37.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

38.     As described hereinabove, Defendants intentionally, maliciously, and without probable cause, initiated and caused Plaintiff to be subjected to criminal proceedings.

39.     The aforementioned criminal proceedings were terminated in Plaintiff's favor.

40.     Defendants initiated the aforementioned criminal proceedings without probable cause and for a purpose other than bringing Plaintiff to justice.

41.     Defendants violated Plaintiff's civil rights under 42 U.S.C.A. § 1983 and the Fourth Amendment to the United States Constitution by maliciously prosecuting Plaintiff.

42.     As a direct and proximate result of the malicious and intentional acts of Defendants, Plaintiff suffered a deprivation of liberty and the injuries and damages that are described hereinabove.

43.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

9

**COUNT III**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

45.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly, falsely arrested, imprisoned and prosecuted Plaintiff in the absence of probable cause or other valid and reasonable lawful basis, causing significant injury to Plaintiff.

46.     All Defendants engaged in a pattern of willful, intentional and outrageous activity as described hereinabove that was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

47.     At all times relevant hereto, All Defendants knew or should have known that their conduct would cause Plaintiff to experience severe emotional distress and mental trauma.

48.     The conduct of all Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

49.     The conduct of all Defendants was a result of willful, intentional, reckless and outrageous indifference to the highly unreasonable risk of harm and conscious indifference to Plaintiff's health, safety and welfare.

50.     As a direct and proximate result of the intentional conduct of all Defendants, Plaintiff sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

Case ID: 230802437

51.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**COUNT IV**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

52.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

53.     All Defendants engaged in a pattern of conduct which they knew or should have known involved an unreasonable risk of causing emotional distress and that emotional distress, if it were caused, might result in illness, bodily harm, severe emotional distress and/or mental trauma.

54.     The conduct of all Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

55.     As a direct and proximate result of the negligent conduct of all Defendants, Plaintiff has sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

**COUNT V**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**CIVIL CONSPIRACY**

56.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

11

Case ID: 230802437

57.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, committed acts against Plaintiff, including malicious prosecution, false arrest, false imprisonment and unlawful search in the absence of probable cause or other valid and reasonable lawful basis. Thereafter, the defendant officers made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct in an attempt to deny Plaintiff access to the courts and to due process.

58.     The conduct of the defendant officers, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and/or the reckless disregard of the truth.

59.     The conduct of Defendants was undertaken for the purpose of impeding, hindering, obstructing or defeating the due course of justice in Pennsylvania with intent to deny to Plaintiff the equal protection of the laws and with intent to injure him for lawfully enforcing or attempting to enforce his right to equal protection of the laws in violation of 42 U.S.C. Section 1985.

60.     As a direct and proximate result of the malicious and intentional acts of Defendants, Plaintiff suffered the injuries and damages that are described hereinabove.

61.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, for compensatory and punitive damages in an amount in excess of $50,000.00, along with interest, costs, attorney's fees and such other relief as this Court shall consider to be fair, just and equitable under the circumstances.

12

Case ID: 230802437

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE: 8/21/23                    BY:     /s/ Daniel J. Devlin
_____
Daniel J. Devlin, Esquire
Attorney for Plaintiff

13

Case ID: 230802437

**<u>VERIFICATION</u>**

I, Malik Jones, hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 8/21/23

/s/ Malik Jones

_____

Malik Jones

14

Case ID: 230802437

Exhibit "B"

City of Philadelphia Law Department                    Attorney for Defendants
Derek Kane, ESQUIRE
Deputy City Solicitor
Attorney Identification No. 316941
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5374
(215) 683-5397 (fax)
derek.kane@phila.gov

| | |
|---|---|
| **MALIK JONES,** | :   **PHILADELPHIA COUNTY** |
| | :   **COURT OF COMMON PLEAS** |
| **Plaintiff,** | : |
| | :   **AUGUST TERM 2023** |
| **v.** | :   **No. 230802437** |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| **Defendants.** | : |
| | : |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  September 24, 2023          */s/ Derek Kane*
                                                    Derek Kane, Esquire

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Malik Jones

## DEFENDANTS

City of Philadelphia, OUTTERBRIDGE, BRYAN, TUMOLO, JAMES, ARMSTEAD, TYRICK

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DEVLIN, DANIEL 1219 SPRUCE STREET
PHILADELPHIA PA 19107
(215)422-4193

Attorneys *(If Known)*
Derek Kane, City of Philadelphia Law Department
One Parkway Building
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Alleged violations of Fourth Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
09/24/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
     *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

     *Must sign here*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____     _____     _____
     *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

     *Sign here if applicable*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)