# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES,** | : | Civil Action |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 2:23-cv-03726 |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants** | : | |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 24, 2024, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Discussion of Specific Claims, Defenses and Relevant Issues**

    The parties jointly submit the following case summary:

    Plaintiff alleges that on or about May 29, 2020, he was unlawfully arrested by Officer Bryan Outterbridge and other officers in the area of 3900 N. 9th Street in Philadelphia and charged with drug offenses. Plaintiff claims that Defendant Officer Bryan Outterbridge and other Officers detained, arrested, and falsely imprisoned Plaintiff and subjected him to an unlawful search and seizure. These charges were eventually dismissed. Plaintiff now has filed an amended complaint against Officers Bryan Outterbridge, James Tumolo, Tyrick Armstead and John Doe Officers asserting causes of action under Sections 1983 and 1985 for false arrest, false imprisonment, and abuse of process (Count I), malicious prosecution (Count II), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count IV), and civil conspiracy (Count V).

2. **Stipulated facts and insurance coverage and deductibles**

    - Plaintiff Malik Jones was arrested on May 29, 2020 in the area of 3900 N. 9th Street in Philadelphia, Pennsylvania and charged with drug offenses.

    The City of Philadelphia is self-insured. The City's employees are entitled to indemnification so long as there is no judicial determination that they engaged in willful misconduct regarding the underlying events of this case, or so long as they are otherwise not entitled to indemnification as a matter of law.

3.  **Informal Disclosures**

    The parties will provide the information required by Fed. R. Civ. P. 26(a)(1)(c) by January 29, 2024, in compliance with the Court's Order. The parties also produced copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures.

4.  **Formal Discovery**

    A.  Discovery is needed on the following specific subjects:

        All subjects relevant to Plaintiff's claims, including but not limited to, the May 29, 2020 arrest of Plaintiff and Plaintiff's damages.

    B.  The parties agree that discovery will be commenced or served in time to be completed by 120 days from the initial pretrial conference, or **May 30, 2024.** The parties are requesting 120 days due to their respective trial and court schedules over the coming months. Also, counsel for Plaintiff is expecting the birth of his son in early September 2024.

    C.  Counsel for the parties do not anticipate any problems in regard to discovery. If a problem does arise, counsel agrees to meet and confer regarding the issue and attempt to reach a resolution prior to filing a motion with this Court.

5.  **Electronic Discovery**

    A.  The parties do not anticipate an unusually voluminous production of electronically stored information (ESI) in this case, nor do they currently foresee any specific concerns or issues relating to ESI. Any ESI produced in discovery will be in .PDF format where possible. If conversion of files to .PDF format cannot be reasonably achieved, the ESIs will be produced in the format in which it is maintained by the party in the ordinary course of business. The parties agree to reserve the right to seek production of ESI in native format if circumstances so justify. Justifying circumstances include, but are not limited to, when the authenticity and accuracy of a paper or .PDF document is called into question and production of the same document in native format will assist in determining authenticity and accuracy.

    B.  With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order as follows:
        The parties agree that if privileged information is inadvertently disclosed during discovery, regardless of the form, the recipient of the privileged information will, on request of the producing party, return the information to the producing party and destroy all copies of the privileged information. If the claim of privilege is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged information until the dispute is resolved.

      C.      The parties consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

**6.      Expert Witness Disclosures**

The parties do anticipate using the testimony of expert witnesses.  However, experts have not been identified at this time.

      A.      Expert disclosures are due on **June 30, 2024**

      B.      Any rebuttal expert disclosures would be due four weeks later, on **July 30, 2024.**

      C.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Civ. P. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar caw law, unless they are case dispositive, will be filed thirty days before trial. Motions which may be case dispositive are due by the summary judgment deadline established below.

**7.      Settlement or Resolution**

Given that discovery is at its early stages, the parties propose that the parties report to the Court as soon as both sides believe that a mediation would be productive.

**8.      Trial**

The parties anticipate they will be ready for trial by October 30, 2024.

**9.      Referral to Magistrate Judge**

The parties do not consent to the matter being transferred to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) or Fed. R. Civ. Proc. 73.

**10.     Other Matters**

None at this time.

**Date:** January 24, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ Daniel J. Devlin | /s/Derek R. Kane |
| Daniel J. Devlin | Derek R. Kane, Esq. |
| PA ID No. 306573 | PA ID No. 316941 |
| van der Veen, Hartshorn & Levin | Deputy City Solicitor |
| 1219 Spruce Street | City Of Philadelphia Law Department |
| Philadelphia, PA 19107 | 1515 Arch Street, 14th Floor |
| **P** (215) 546-1000 ext. 217 | Philadelphia, PA 19102 |
| **D** (215) 422-4193 | derek.kane@phila.gov |
| **F** (215)-546-8529 | |
| ddevlin@mtvlaw.com | *Counsel for Defendants* |
| | |
| *Counsel for Plaintiff Malik Jones* | |